1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    ALICE BROWN,                              Case No.  18-cv-07826-EMC

8                      Plaintiff,
                                               **ORDER RE COURT'S PROPOSED**
9             v.                               **JURY INSTRUCTIONS**

10   CITY OF CRESCENT CITY, et al.,

11                    Defendants.

12

13

14           Attached are the Court's proposed jury instructions.  The Court has taken into account the

15   parties' filing at Docket No. 135.  All modifications have been highlighted in yellow.  The parties

16   shall provide a final comment to the proposed jury instructions by February 9, 2023.  A joint

17   submission is strongly preferred.

18

19           **IT IS SO ORDERED**.

20

21   Dated: February 6, 2023

22

23   _____

24   EDWARD M. CHEN
     United States District Judge

25

26

27

28

1
2
3
4
5
6
7

I.      **PRELIMINARY JURY INSTRUCTIONS**

**(GIVEN AT THE BEGINNING OF TRIAL)**


**JURY INSTRUCTION NO. ____**

**DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES**

**NOT PROVIDE WRITTEN COPIES)**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.


[Court Notes: 9th Cir. Model Instruction No. 1.3.  The Court has modified the instruction.]

United States District Court
Northern District of California

2

1
2

**JURY INSTRUCTION NO. \_\_\_\_**

**IMPLICIT/UNCONSCIOUS BIAS**

3    We all have feelings, assumptions, perceptions, fears, and stereotypes about others.  Some

4    biases we are aware of, and others we might not be fully aware of, which is why they are called

5    implicit or unconscious biases.  No matter how unbiased we think we are, our brains are hard-

6    wired to make unconscious decisions. We look at others and filter what they say through our own

7    personal experience and background.  Because we all do this, we often see life and evaluate

8    evidence in a way that tends to favor people who are like ourselves, or who have had life

9    experiences like our own.  We can also have biases about people like ourselves.  One common

10    example is the automatic association of male with career and female with family. Bias can affect

11    our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how

12    we make important decisions.

13    As jurors, you are being asked to make an important decision in the case.  You must one,

14    take the time you need to reflect carefully and thoughtfully about the evidence.

15    Two, think about why you are making the decision you are making and examine it for bias.

16    Reconsider your first impressions of the people and the evidence in this case.  If the people

17    involved in this case were from different backgrounds, for example, richer or poorer, more or less

18    educated, older or younger, or of a different gender, gender identity, race, religion or sexual

19    orientation, would you still view them, and the evidence, the same way?

20    Three, listen to one another.  You must carefully evaluate the evidence and resist, and help

21    each other resist, any urge to reach a verdict influenced by bias for or against any party or witness.

22    Each of you have different backgrounds and will be viewing this case in light of your own

23    insights, assumptions and biases.  Listening to different perspectives may help you to better

24    identify the possible effects these hidden biases may have on decision making.

25    And four, resist jumping to conclusions based on personal likes or dislikes, generalizations,

26    gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

27
28

United States District Court
Northern District of California

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

[Court Notes: The Court has independently proposed this instruction.]

1
2

**JURY INSTRUCTION NO. ____**

**CLAIMS AND DEFENSES**

3
4

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

5
6

The plaintiff Alice Brown asserts that the defendant Ethan Miller, a police officer with the City of Crescent City, violated her federal rights under 42 U.S.C. § 1983.

7
8
9
10
11

Officer Miller, in the course and scope of his employment as a police officer for the City of Crescent City, made a traffic stop on January 1, 2018, of a car being driven by Ms. Brown at approximately at 3:37 a.m.  Ms. Brown asserts that Officer Miller did not have a basis to stop her since he did not have a reasonable suspicion that she had committed or was engaged in a traffic violation.

12

Ms. Brown has the burden of proving her claims.

13

Officer Miller denies her claims.

14

15
16

[Court Notes: 9th Cir. Model Instruction No. 1.5.  The Court has tailored the instruction to the facts of this case.]

17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Court Notes: 9th Cir. Model Instruction No. 1.6.]

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits that are admitted into evidence;

    (3) any facts to which the lawyers have agreed; and

    (4) any facts that I may instruct you to accept as proved.


[Court Notes: 9th Cir. Model Instruction No. 1.9.]

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

[Court Notes: 9th Cir. Model Instruction No. 1.10.]

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. _____**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[Court Notes: 9th Cir. Model Instruction No. 1.11.]

**JURY INSTRUCTION NO. ____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

[Court Notes: 9th Cir. Model Instruction No. 1.12.]

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. _____**

**RULING ON OBJECTIONS**

3
4
5
6
7
8

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

9
10
11

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

12
13

[Court Notes: 9th Cir. Model Instruction No. 1.13.]

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

>    (1) the opportunity and ability of the witness to see or hear or know the things testified to;

>    (2) the witness's memory;

>    (3) the witness's manner while testifying;

>    (4) the witness's interest in the outcome of the case, if any;

>    (5) the witness's bias or prejudice, if any;

>    (6) whether other evidence contradicted or corroborated the witness's testimony;

>    (7) the reasonableness of the witness's testimony in light of all the evidence; and

>    (8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

12

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

[Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the instruction.]

**JURY INSTRUCTION NO. _____**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal

United States District Court
Northern District of California

1    instruction you properly may consider to return a verdict: do not

2    read, watch or listen to any news or media accounts or commentary

3    about the case or anything to do with it, although I have no

4    information that there will be news reports about this case; do not do

5    any research, such as consulting dictionaries, searching the Internet,

6    or using other reference materials; and do not make any

7    investigation or in any other way try to learn about the case on your

8    own.  Do not visit or view any place discussed in this case, and do

9    not use the Internet or any other resource to search for or view any

10    place discussed during the trial.  Also, do not do any research about

11    this case, the law, or the people involved – including the parties, the

12    witnesses or the lawyers – until you have been excused as jurors.  If

13    you happen to read or hear anything touching on this case in the

14    media, turn away and report it to me as soon as possible.

15    These rules protect each party's right to have this case decided only on evidence that has

16    been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

17    accuracy of their testimony is tested through the trial process.  If you do any research or

18    investigation outside the courtroom, or gain any information through improper communications,

19    then your verdict may be influenced by inaccurate, incomplete or misleading information that has

20    not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

21    jury, and if you decide the case based on information not presented in court, you will have denied

22    the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

23    important that you follow these rules.

24    A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

25    mistrial could result that would require the entire trial process to start over.  If any juror is exposed

26    to any outside information, please notify the court immediately.

27

28    [Court Notes: 9th Cir. Model Instruction No. 1.15.]

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

[Court Notes: 9th Cir. Model Instruction No. 1.17.]

**JURY INSTRUCTION NO. _____**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

[Court Notes: 9th Cir. Model Instruction No. 1.18.]

**JURY INSTRUCTION NO. _____**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

[Court Notes: 9th Cir. Model Instruction No. 1.20.]

1

2

**JURY INSTRUCTION NO. _____**

**OUTLINE OF TRIAL**

3       Trials proceed in the following way: First, each side may make an opening statement.  An

4   opening statement is not evidence.  It is simply an outline to help you understand what that party

5   expects the evidence will show.  A party is not required to make an opening statement.

6       The plaintiff will then present evidence, and counsel for the defendant may cross-examine.

7   Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

8       After the evidence has been presented, I will instruct you on the law that applies to the case

9   and the attorneys will make closing arguments.

10       After that, you will go to the jury room to deliberate on your verdict.

11

12       [Court Notes: 9th Cir. Model Instruction No. 1.21.]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

## II.      <u>INSTRUCTIONS DURING TRIAL</u>

2

3                          **JURY INSTRUCTION NO. ____**

4                          **CAUTIONARY INSTRUCTIONS**

5     **At the End of Each Day of the Case:**

6             As I indicated before this trial started, you as jurors will decide this case based solely on

7     the evidence presented in this courtroom.  This means that, after you leave here for the night, you

8     must not conduct any independent research about this case, the matters in the case, the legal issues

9     in the case, or the individuals or other entities involved in the case.  This is important for the same

10    reasons that jurors have long been instructed to limit their exposure to traditional forms of media

11    information such as television and newspapers.  You also must not communicate with anyone, in

12    any way, about this case.  And you must ignore any information about the case that you might see

13    while browsing the internet or your social media feeds.

14

15    ~~**At the Beginning of Each Day of the Case:**~~

16    ~~        As I reminded you yesterday and continue to emphasize to you today, it is important that~~

17    ~~you decide this case based solely on the evidence and the law presented here.  So you must not~~

18    ~~learn any additional information about the case from sources outside the courtroom.  To ensure~~

19    ~~fairness to all parties in this trial, I will now ask each of you whether you have learned about or~~

20    ~~shared any information about this case outside of this courtroom, even if it was accidental.~~

21

22    ~~        [ALTERNATIVE 1 (in open court): if you think that you might have done so, please let~~

23    ~~me know now by raising your hand.  [Wait for a show of hands].  I see no raised hands; however,~~

24    ~~if you would prefer to talk to the court privately in response to this question, please notify a~~

25    ~~member of the court's staff at the next break.  Thank you for your careful adherence to my~~

26    ~~instructions.]~~

27

28    ~~        [ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned~~

~~about or shared any information about this case outside of this courtroom? . . . Thank you for your~~

~~careful adherence to my instructions.]~~

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.0.  At this juncture, the Court deems it sufficient to give the first part of the instruction only (at the end of each day of the case).]

1

**JURY INSTRUCTION NO. _____**

2

**STIPULATIONS OF FACT**

3      The parties have agreed to certain facts (listed below).  You must therefore treat these facts

4  as having been proved.

5           (1)  Officer Miller is a police officer with the City of Crescent City.

6           (2)  On January 1, 2018, Officer Miller made a traffic stop on a car being driven by Ms.

7                Brown.

8           (3)  Officer Miller made this traffic stop on northbound Highway 101 in the City of

9                Crescent City at approximately 3:37 a.m.

10          (4)  Officer Miller made this traffic stop in the course and scope of his employment as a

11               police officer.

12          (5)  At the time of this traffic stop, Officer Miller did not have a warrant to stop Ms.

13               Brown.

14

15          [Court Notes: 9th Cir. Model Instruction No. 2.2.  Per the parties' agreement, *see* Docket

16  No. 135, the Court has added (4) and (5) above.]

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**INSTRUCTION NO. _____**

**NONECONOMIC DAMAGES**

Ms. Brown will provide testimony that she has suffered noneconomic damages, such as mental and emotional pain and suffering, as a result of the traffic stop, which she claims was not reasonable.  Ms. Brown may testify that the pain and suffering she experienced is informed by the fact that she is a Black woman.  However, Ms. Brown does not have a claim of racial profiling or racial discrimination against Officer Miller.  Any testimony related to Ms. Brown's status as a Black woman is relevant only to show that Ms. Brown had pain and suffering beyond the "normal" indignity or fear of being pulled over as a result of an unreasonable traffic stop.

[Court Notes.  Officer Miller has noted that the Court's proposed jury instructions did not contain the limiting instruction that the Court noted it would give in its final pretrial conference order.  *See* Docket No. 132 (Order at 4-5).  The Court has now included such a limiting instruction.]

~~**JURY INSTRUCTION NO. ____**~~

~~**JUDICIAL NOTICE**~~

~~The court has decided to accept as proved the fact that [state fact].  You must accept this fact as true.~~

[Court Notes: 9th Cir. Model Instruction No. 2.3.]

United States District Court
Northern District of California

1

2

~~**JURY INSTRUCTION NO. ____**~~

~~**TRANSCRIPT OF RECORDING IN ENGLISH**~~

3

4

5

6

7

8

~~You are about to [hear] [watch] a recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the recording has been played, the transcript will be taken from you.~~

9

10

[Court Notes: 9th Cir. Model Instruction No. 2.5.]

United States District Court
Northern District of California

1

2

## ~~JURY INSTRUCTION NO. ___~~

## ~~IMPEACHMENT EVIDENCE—WITNESS~~

3

~~The evidence that a witness, e.g., has been convicted of a crime, lied under oath on a prior~~

4

~~occasion, etc. may be considered, along with all other evidence, in deciding whether or not to~~

5

~~believe the witness and how much weight to give to the testimony of the witness and for no other~~

6

~~purpose.~~

7

8

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.9.]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 2.16.  The Court has included this instruction given that one of the exhibits is the body camera footage.]

United States District Court
Northern District of California

1

2

3

## III.       FINAL JURY INSTRUCTIONS (GIVEN AT THE END OF THE CASE)

### JURY INSTRUCTION NO. _____
### (COURT READS AND PROVIDES
### WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the jury: Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

[Court Notes: 9th Cir. Model Instruction No. 1.4.  The Court has modified the instruction.]

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

[Court Notes: 9th Cir. Model Instruction No. 1.6.]

**JURY INSTRUCTION NO. _____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

    (1) the sworn testimony of any witness;

    (2) the exhibits that are admitted into evidence;

    (3) any facts to which the lawyers have agreed; and

    (4) any facts that I have instructed you to accept as proved.


[Court Notes: 9th Cir. Model Instruction No. 1.9.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

[Court Notes: 9th Cir. Model Instruction No. 1.10.]

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

[Court Notes: 9th Cir. Model Instruction No. 1.12.]

1

2

**JURY INSTRUCTION NO. _____**

**CREDIBILITY OF WITNESSES**

3   In deciding the facts in this case, you may have to decide which testimony to believe and

4   which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5   of it.

6   In considering the testimony of any witness, you may take into account:

7   (1) the opportunity and ability of the witness to see or hear or know the things testified

8   to;

9   (2) the witness's memory;

10   (3) the witness's manner while testifying;

11   (4) the witness's interest in the outcome of the case, if any;

12   (5) the witness's bias or prejudice, if any;

13   (6) whether other evidence contradicted the witness's testimony;

14   (7) the reasonableness of the witness's testimony in light of all the evidence; and

15   (8) any other factors that bear on believability.

16   Sometimes a witness may say something that is not consistent with something else he or

17   she said.  Sometimes different witnesses will give different versions of what happened.  People

18   often forget things or make mistakes in what they remember.  Also, two people may see the same

19   event but remember it differently.  You may consider these differences, but do not decide that

20   testimony is untrue just because it differs from other testimony.

21   However, if you decide that a witness has deliberately testified untruthfully about

22   something important, you may choose not to believe anything that witness said.  On the other

23   hand, if you think the witness testified untruthfully about some things but told the truth about

24   others, you may accept the part you think is true and ignore the rest.

25   The weight of the evidence as to a fact does not necessarily depend on the number of

26   witnesses who testify.  What is important is how believable the witnesses were, and how much

27   weight you think their testimony deserves.

28   Your evaluation of witness testimony should not be influenced by any prejudice or bias,

United States District Court
Northern District of California

1  including unconscious bias.

3     [Court Notes: 9th Cir. Model Instruction No. 1.14.  The Court has modified the
4  instruction.]

United States District Court
Northern District of California

**JURY INSTRUCTION NO. _____**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts (listed below).  You must therefore treat these facts as having been proved.

(1) Officer Miller is a police officer with the City of Crescent City.

(2) On January 1, 2018, Officer Miller made a traffic stop on a car being driven by Ms. Brown.

(3) Officer Miller made this traffic stop on northbound Highway 101 in the City of Crescent City at approximately 3:37 a.m.

(4) Officer Miller made this traffic stop in the course and scope of his employment as a police officer.

(5) At the time of this traffic stop, Officer Miller did not have a warrant to stop Ms. Brown.

[Court Notes: 9th Cir. Model Instruction No. 2.2.  Per the parties' agreement, *see* Docket No. 135, the Court has added (4) and (5) above.]

1

2

**JURY INSTRUCTION NO. _____**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

3

4

5

6

The plaintiff, Ms. Brown, brings her claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

7

8

9

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.1.  The parties stipulated to this instruction.]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. \_\_\_\_**

**SECTION 1983 CLAIM – ELEMENTS & BURDEN OF PROOF**

In order to prevail on her § 1983 claim against the defendant, Officer Miller, Ms. Brown must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the act of the defendant deprived the plaintiff of her particular rights under the laws of the United States as explained in Instruction No. [9.20].

In this case, the parties have stipulated to the first element: that Officer Miller was acting under color of state law (*i.e.*, acting in the performance of his official duties) when he stopped Ms. Brown.  Therefore, Ms. Brown must prove only the second element.

If you find the plaintiff has proved the second element, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove the second element, your verdict should be for the defendant.

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.3.  The Court has modified this instruction since the parties have stipulated to the first element above.  *See* Docket No. 135.]

1

**JURY INSTRUCTION NO. \_\_\_\_**

2

**SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –**

3

**UNREASONABLE SEIZURE OF PERSON – GENERALLY**

4

As previously explained, the plaintiff has the burden of proving that the act of the

5

defendant, Officer Miller, deprived the plaintiff, Ms. Brown, of particular rights under the United

6

States Constitution.  In this case, the plaintiff alleges the defendant deprived her of her rights

7

under the Fourth Amendment to the Constitution when the defendant made a traffic stop on the

8

plaintiff's car.

9

Under the Fourth Amendment, a person has the right to be free from an unreasonable

10

seizure of her person.   In order to prove the defendant deprived the plaintiff of this Fourth

11

Amendment right, the plaintiff must prove the following additional elements by a preponderance

12

of the evidence:

13

(1) The defendant seized the plaintiff's person;

14

(2) in seizing the plaintiff's person, the defendant acted intentionally; and

15

(3) the seizure was unreasonable.

16

In this case, the parties have stipulated to the first two elements: that Officer Miller seized

17

Ms. Brown's person and that, in seizing her person, he acted intentionally.  Therefore, Ms. Brown

18

must prove only the third element.

19

20

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.20.  The Court has modified this

21

instruction since the parties have stipulated to the first two elements above.  *See* Docket No. 135.]

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –**

**UNREASONABLE SEIZURE OF PERSON – WHAT IS "REASONABLE"**

In general, a seizure of a person for an investigatory stop is reasonable if, under all of the circumstances known to the officer at the time the officer had a reasonable suspicion that the person seized was engaged in a traffic infraction.

"Reasonable suspicion" is a particularized and objective basis for suspecting the plaintiff of a traffic infraction. The officer is permitted to draw on his own experience and specialized training to make inferences from and deductions about the cumulative information available to him.

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 9.21. The Court has modified this instruction in light of the parties' stipulation that the length and scope of the stop were reasonable.]

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. ____**

**SECTION 1983 CLAIM – PARTICULAR RIGHTS – FOURTH AMENDMENT –**
**UNREASONABLE SEIZURE OF PERSON – "REASONABLE SUSPICION"**

~~In order to justify an investigative traffic stop, the police must have "reasonable suspicion"
to believe that a traffic law has been broken or other criminal conduct is afoot.  Reasonable
suspicion is formed by specific, articulable facts which, together with objective and reasonable
inferences, form the basis for suspecting that a particular person detained is engaged in criminal
activity.~~

[Court Notes: Ms. Brown has offered this instruction.  The Court previously declined to
give it because "reasonable suspicion" has already been defined in the prior instruction (consistent
with the Ninth Circuit model instruction).  Ms. Brown has asked a second time for this instruction
to be given – "or at least its language inserted in place of the language found in the instruction
[above]."  Docket No. 135.  The Court rejects the proposal and adheres to the Ninth Circuit model
instruction.]

United States District Court
Northern District of California

41

1

2

**JURY INSTRUCTION NO. ____**

**DAMAGES – PROOF**

3     It is the duty of the Court to instruct you about the measure of damages. By instructing you

4 on damages, the Court does not mean to suggest for which party your verdict should be rendered.

5     If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has

6 the burden of proving damages by a preponderance of the evidence.  Damages means the amount

7 of money that will reasonably and fairly compensate the plaintiff for any injury you find was

8 caused by the defendant.

9     It is for you to determine what damages, if any, have been proved.

10     Your award must be based upon evidence and not upon speculation, guesswork or

11 conjecture.

12

13     [Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.1.  Ms. Brown has asked that the

14 instruction be given.  Officer Miller does not appear to object to this instruction per se; rather, his

15 objection is to the next instruction requested by Ms. Brown (*i.e.*, on the measure of damages).]

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. _____**

2

**MEASURE OF DAMAGES**

3

In determining the measure of damages, you should consider:

4
- The nature and extent of the injuries;

5
- The loss of enjoyment of life experienced and that with reasonable probability will

6
be experienced in the future; and

7
- The mental and emotional pain and suffering experienced and that with reasonable

8
probability will be experienced in the future; and

9

10      [Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.2.  Ms. Brown has asked that this

11   instruction be given.  Officer Miller argues (as reflected in his first motion in limine) that Ms.

12   Brown should be limited to economic damages only (as well as punitives).  The Court has denied

13   the motion in limine.]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**NOMINAL DAMAGES**

The law that applies to this case authorizes an award of nominal damages.  If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

[Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.6.  The parties have stipulated to this instruction.]

1

2

**JURY INSTRUCTION NO. _____**

**PUNITIVE DAMAGES**

3       If you find for the plaintiff, you may, but are not required to, award punitive damages.  The

4  purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

5  Punitive damages may not be awarded to compensate a plaintiff.

6       The plaintiff has the burden of proving by a preponderance of the evidence that punitive

7  damages should be awarded and, if so, the amount of any such damages.

8       You may award punitive damages only if you find that the defendant's conduct that

9  harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.

10  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring

11  the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it

12  reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face

13  of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or

14  omission is oppressive if the defendant injures or damages or otherwise violates the rights of the

15  plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or

16  power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

17       If you find that punitive damages are appropriate, you must use reason in setting the

18  amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

19  should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any

20  punitive damages, consider the degree of reprehensibility of the defendant's conduct.

21       In addition, you may consider the relationship of any award of punitive damages to any

22  actual harm inflicted on the plaintiff.

23       Punitive damages may be awarded even if you award plaintiff only nominal, and not

24  compensatory, damages.

25

26       [Court Notes: 9th Cir. Model Civil Jury Instruction No. 5.5.  The parties have stipulated to

27  this instruction.  The Court has included some of the language from the model instruction that the

28  parties apparently agreed to leave out (*i.e.*, the last two paragraphs).]

United States District Court
Northern District of California

45

**JURY INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

///

///

///

///

///

1   It is your duty as jurors to consult with one another and to deliberate with one another with

2   a view towards reaching an agreement if you can do so.  During your deliberations, you should not

3   hesitate to reexamine your own views and change your opinion if you become persuaded that it is

4   wrong.

5

6   [Court Notes: 9th Cir. Model Instruction No. 3.1.  The Court has modified the instruction.]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. ____**

**CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about

United States District Court
Northern District of California

1        this case, the law, or the people involved – including the parties, the

2        witnesses or the lawyers – until you have been excused as jurors.  If

3        you happen to read or hear anything touching on this case in the

4        media, turn away and report it to me as soon as possible.

5        These rules protect each party's right to have this case decided only on evidence that has

6 been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

7 accuracy of their testimony is tested through the trial process.  If you do any research or

8 investigation outside the courtroom, or gain any information through improper communications,

9 then your verdict may be influenced by inaccurate, incomplete or misleading information that has

10 not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

11 jury, and if you decide the case based on information not presented in court, you will have denied

12 the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

13 important that you follow these rules.

14        A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a

15 mistrial could result that would require the entire trial process to start over.  If any juror is exposed

16 to any outside information, please notify the court immediately.

17

18        [Court Notes: 9th Cir. Model Instruction No. 3.2.]

*United States District Court*
*Northern District of California*

**JURY INSTRUCTION NO. _____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

[Court Notes: 9th Cir. Model Instruction No. 3.3.]

**JURY INSTRUCTION NO. _____**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

[Court Notes: See 9th Cir. Model Instruction No. 3.5.]