UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF CRESCENT CITY, et al.,<br><br>        Defendants. | Case No. 18-cv-07826-EMC<br><br>**ORDER RE LAW ENFORCEMENT ENCOUNTERS** |

      Previously, the Court held in its final pretrial conference order that Ms. Brown could testify about the specific traffic stop in dispute only, and not "other prior stops involving the City police or other prior incidents she has had with the City police." Docket No. 132 (Order at 4). At a subsequent status conference, this issue was reopened because video footage of the traffic stop in dispute contained statements by Ms. Brown about an incident she has had with different law enforcement. This then led to a discussion of Ms. Brown's prior encounters with the City police. The Court ordered the parties to provide further briefing on the matter. Having reviewed the parties' submissions,[1] the Court hereby rules as follows.

A.    Video Footage of Traffic Stop

      As noted above, the video footage of the traffic stop in dispute contains statements by Ms. Brown about an incident with law enforcement other than the City police. Specifically, Ms. Brown refers to an incident involving County law enforcement and federal law enforcement

---

[1] **If the parties have not already done so, they must immediately file their briefs (which were submitted to the Court via email) on ECF.**

1 (specifically, a park ranger). Officer Miller has asked that Ms. Brown's statements about this other incident be excluded. The Court **GRANTS** the request to exclude.

Exclusion is proper under Rule 403. Ms. Brown argues that the evidence is relevant to damages – *i.e.*, to her state of mind when she was stopped by Officer Miller. However, given that the City police were not involved in this incident, the probative value of the evidence is minimal. Similarly, because the City police were not involved in the incident (let alone Officer Miller), the evidence presents the danger of unfair prejudice. Furthermore, if the evidence were to be admitted, then Officer Miller would then want to present evidence as to the resolution of that incident – *i.e.*, Ms. Brown's conviction for resisting or obstructing a police officer was upheld on appeal and has not been overturned or set aside, and Ms. Brown's civil rights lawsuit against the federal and County defendants was resolved in the defendants' favor. This would be a waste of time.[2]

To the extent there may be other incidents involving law enforcement other than the City police, such evidence is likewise excluded for reasons similar to those stated above.

B.    Prior Incidents Involving the City Police

In her complaint, Ms. Brown alleges that the City police

> have conducted numerous warrant checks/searches on me over the past 3 ½ years. None of the previous warrant checks/searches were traffic stops. I was simply sitting in my automobile listening to the radio, talking on cell phone, reading mail from my post office box, etc. After several warrant checks/searches I had revealed my race as Black. After that the warrant checks/searches increased. The Crescent City police officers have never arrested me or ticketed me to date due to the fact that I committed no crimes. Their continued warrant checks/searches is a result of racial profiling.

Compl. at 6-7. In Ms. Brown's brief, she indicates that she intends to present testimony "along [these] lines" at trial. Pl.'s Br. at 2.

Similar to above, Ms. Brown argues that these prior incidents involving the City police is relevant to damages – *i.e.*, because of the prior incidents, she was particularly vulnerable at the

---

[2] The Court notes that exclusion of evidence related to this incident is actually of benefit to Ms. Brown. Presumably, Ms. Brown would not want a jury to hear the above.

2

1  time she was stopped by Officer Miller. Although Officer Miller was not involved in these prior
2  incidents, the fact that the City police were involved and that he is a City officer does make the
3  evidence more probative. Also, based on the representations made at the status conference, it
4  appears that there was at least one warrant check.

5  Officer Miller argues that the evidence should be excluded because witnesses and exhibits
6  have already been set and trial is due to begin on February 21, 2023. However, prejudice can be
7  cured by the Court allowing Officer Miller (1) to have a witness(es) testify at trial by remote about
8  the warrant check(s) (presumably, the officer(s) involved) and (2) to introduce any police report or
9  other paperwork related to the warrant check(s). The Court shall also limit any prejudice to
10 Officer Miller by permitting Ms. Brown to testify about a prior warrant check(s) only if there is a
11 record of such a warrant check(s). The Court expects Officer Miller to promptly disclose any
12 witness(es) and documents.

13 In addition, to guard against unfair prejudice, the Court shall give a limiting instruction (a
14 modification of the existing Jury Instruction No. 18). Absent a showing of unfair prejudice even
15 with the above cure and limiting instruction, this is how the Court intends to proceed.

16 To be clear, the Court does *not* permit Ms. Brown to testify that the prior incidents were the
17 result of or reflected racial profiling. At summary judgment, Ms. Brown claimed that she was
18 routinely targeted by the police due to her race but presented no evidence to support that claim.
19 *See* Docket No. 108 (Order at 9) ("The record contains no information about any of the
20 circumstances regarding these prior incidents."). She cannot avoid that ruling here.

21 Below is the limiting instruction that the Court shall give (at the time that Ms. Brown
22 testifies at trial about her damages).

> Ms. Brown will provide testimony that she has suffered noneconomic damages, such as mental and emotional pain and suffering, as a result of the traffic stop, which she claims was not reasonable.
>
> Ms. Brown may testify that the pain and suffering she experienced is informed by the fact that she is a Black woman. However, Ms. Brown does not have a claim of racial profiling or racial discrimination against Officer Miller. Any testimony related to Ms. Brown's status as a Black woman is relevant only to show that Ms.

> Brown had pain and suffering beyond the "normal" indignity or fear of being pulled over a result of an unreasonable traffic stop.
>
> Ms. Brown may also testify that the pain and suffering she experienced is informed by the fact that, previously, the City police ran a warrant check(s) on her. None of those incidents involved Officer Miller. Furthermore, Ms. Brown does not have a claim against Officer Miller or the City based on those warrant checks. This includes a claim for racial profiling or racial discrimination. Any testimony related to a warrant check is relevant only to show that Ms. Brown had pain and suffering beyond the "normal" indignity or fear of being pulled over a result of an unreasonable search.

C.  Handwriting the Complaint

Based on Ms. Brown's briefs, Officer Miller has concern that Ms. Brown will testify at trial that she was so humiliated and angry about the traffic stop in dispute that she "hand-wrote a pro se civil rights Complaint to [federal court]." Pl.'s Br. at 3. Officer Miller argues that Ms. Brown's pro se status at the outset of the case and her handwriting the complaint are irrelevant. The Court agrees. To be clear, it is entirely permissible for Ms. Brown to testify that she filed a suit because she was, *e.g.*, humiliated and angry. If, however, Ms. Brown tries to give significance to the fact that she filed the suit pro se or that she handwrote the complaint, then the door is open to Officer Miller introducing evidence of other pro se complaints she has handwritten and the resolution of those complaints.

D.  Plaintiff's Testimony re Police Abuse in the News

Finally, Officer Miller raises an issue related to the deposition of Ms. Brown which was recently taken. In the Court's final pretrial conference order, it stated that Ms. Brown could

> testify that her subjective experience was, *e.g.*, informed by the fact that she is a Black woman and/or her knowledge of other incidents involving Black people being stopped by the police if that was, in fact, in her mind at the time of the incidents. (But there may be some Rule 403 limits here – *e.g.*, general testimony about the Black Lives Matter movement shall not be permitted.)

Docket No. 132 (Order at 4). According to Officer Miller, at her deposition, Ms. Brown testified about four prior incidents but did not definitively state that those four incidents were in her mind at the time of the traffic stop in dispute. Thus, he asks that her testimony about those prior incidents should be excluded. *See* Def.'s Br. at 6 ("Since Plaintiff cannot recall which video, if

4

any of them, came to her mind during the traffic stop, Plaintiff should not be allowed to testify as to any of them.").

The Court **DENIES** this request for relief. Officer Miller is taking too rigid a reading of Ms. Brown's testimony. *See* Brown Depo. at 20-21 (in response to the question, "You thought about all four of those cases at some point during that traffic stop?," stating: "Well I don't' know if they're all four of the cases. Could have been, you know, all 15, 20 cases. But I know that that happens and that I can happen. I have seen it. I have seen the videos. I couldn't tell you that it was one video after another that flashed through my brain, but I just know that this thing happens."); *see also* Brown Depo. at 21-22 (in response to the question, "[Y]ou don't specifically recall if you thought of any of these potential examples . . . that evening[?]," stating: "No. I said I know I thought those thoughts, but I don't know exactly which video was coming into my mind. It could have been all of them at once.").

E.  Bifurcation

Finally, the Court gives notice to the parties that it is entertaining the possibility of bifurcating this trial into a damages and liability phase, as this would arguably address some of the issues of prejudice raised by Officer Miller.

**IT IS SO ORDERED**.

Dated: February 19, 2023

_____
EDWARD M. CHEN
United States District Judge