UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>ETHAN MILLER, et al.,<br><br>        Defendants. | Case No. 18-cv-07826-VC<br><br>**ORDER REGARDING ISSUE OF BIFURCATION AND MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 170, 174 |

      1. Based on what took place at the final pretrial conference, the Court has changed its mind and determined that Judge Chen was right to rule that the trial should be bifurcated into a liability phase and a damages phase. Although it's true that bifurcation risks prolonging the trial somewhat, it's clear from today's conference that Brown and her attorney wish for the issue of race (which is somewhat relevant to damages but entirely irrelevant to liability) to overwhelm the entire trial. This threatens to create jury confusion and prevent Officer Miller from receiving a fair trial. Moreover, while the Court was contemplating enforcing a rule that Brown and her attorney could only bring up the issue of race in connection with emotional distress damages, it now seems likely that such a rule would be difficult to enforce in a trial that is not bifurcated. Of course, Brown will be able to ask limited questions related to race and damages during jury selection, with the Court clearly instructing the jurors that race will not be relevant to the question whether Miller violated the Fourth Amendment. But neither Brown nor her lawyer will be permitted, during the first phase of trial, to discuss the issue of race at all. This includes during opening statements and closing arguments. Furthermore, following up on the point made at the pretrial conference, if either Brown or her attorney mentions race in the liability phase of

the trial, the Court will, upon receiving a motion by Miller, do one of two things: (i) dismiss the case with prejudice as a sanction and hold the offending person (or people) liable for Miller's attorneys' fees; or (ii) declare a mistrial and hold the offending person (or people) liable for Miller's attorneys' fees.

2. Miller's renewed motion to exclude Brown's driver's license, and to exclude mention of the fact that it doesn't list her race while Miller's report does, is granted. As explained at today's pretrial conference, it's unclear why Brown was even able to bring this in during the first trial, given that it appears to have no relevance to any issue in the case and that any marginal relevance is substantially outweighed by the likelihood of confusing the jury.

3. Under Judge Chen's prior rulings, Brown was allowed to testify about her prior experiences with Crescent City police, but only with respect to damages and only if she could provide a record of those interactions. *See* Dkt. No. 142 at 3–4. She was not allowed to testify about any incidents involving law enforcement other than the City police. *Id.* at 2. Now that the trial has been bifurcated, it's worth discussing further whether, at the damages phase, Brown should, at a minimum, be permitted to testify generally and briefly that she's been stopped by law enforcement officers in the past, and that this affected her degree of emotional distress. It may even be appropriate to permit her to testify very briefly about interactions with the Crescent City Police and the incident with the County and the Park Rangers. (Of course, if she were permitted to testify about the County/Park Ranger incident, Miller would be permitted to establish that: (i) she was convicted as a result of that incident; and (ii) she unsuccessfully sued based on that incident.) The Court will discuss this issue further with the parties on Monday. For now, suffice to say that there will be no discussion of prior incidents with law enforcement during the liability phase of the trial (including during opening statements and closing arguments).

4. Because the trial has been bifurcated, the time limits for closing arguments will be reduced. Each side has 15 minutes to make closing arguments during the first phase, not 20.

**IT IS SO ORDERED.**

3

Dated: March 15, 2024

_____
VINCE CHHABRIA
United States District Judge